# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 19, 2012

Lyle W. Cayce
Clerk

No. 12-50232
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERTO LUJAN MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-195-5

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gilberto Lujan Martinez appeals from the judgment revoking his term of probation, which was imposed for his conviction of aiding and abetting the distribution of hydrocodone, and sentencing him to 12 months of imprisonment and 24 months of supervised release. He contends solely that his 12-month term of imprisonment was substantively unreasonable.

Because Martinez did not object in the district court, his sentence should be reviewed under the plain error standard. *See United States v. Whitelaw*, 580

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 256, 259 (5th Cir. 2009).  Martinez's 12-month sentence was within the guidelines policy statement sentencing range for his probation violation.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  Martinez can rebut the presumption "only upon a showing that the sentence does not account for a factor that should receive significant weight, [ ] gives significant weight to an irrelevant or improper factor, or [ ] represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Martinez has failed to rebut the presumption of reasonableness.  He violated the terms of his probation by distributing hydrocodone.  Revocation of probation was required.  *See* 18 U.S.C. § 3565(b)(1).  Moreover, distribution of hydrocodone was the offense that resulted in Martinez being sentenced to probation in the first place, and Martinez received the lowest sentence in the policy statement's sentencing range.  *See* U.S.S.G. § 7B1.4(a), p.s.  Martinez seeks for this court to reweigh the sentencing factors and substitute its judgment for that of the district court.  This would be improper.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.